EARLE v. EARLE et al.

(Supreme Court, Appellate Division, First Department. June 6. 1902.)

1. TRUSTS—WILLS—RIGHTS OF BENEFICIARIES—ACTION AGAINST EXECUTOR.
   A remainder-man under a will may maintain an action of accounting to have his rights established against executors guilty of devastavit, though the owner of the life estate is still living, and the remainder-man is therefore not entitled to the corpus of the estate.

2. SAME—DECREE.
   A remainder-man under a will, suing during the life tenant's life for an accounting and to have his rights established against executors who have been guilty of a devastavit, having been entitled to some relief at the time of the commencement of the suit, which was in equity, was entitled, where the owner of the life interest died before the trial, to be decreed to be entitled to participate in the distribution of the corpus.

3. JUDGMENT—RES ADJUDICATA—ADVERSE NATURE OF DECISION.
   Code Civ. Proc. § 1204, provides that the ultimate rights of the parties on the same side of an action may be determined in the judgment. Section 521 provides that, if a defendant desires the judgment to determine the ultimate rights between defendants, he must demand such relief in his answer, and serve the same on the other defendant. Section 1207 provides that, when defendant has not answered, the plaintiff shall not recover a more favorable judgment than demanded in the complaint. An action against executors for their removal and to compel an accounting as to all parties in interest stated the interest of a beneficiary, who was made a party defendant and served with summons; but he did not appear, and a copy of the answer, which only demanded a dismissal of the complaint, was not served on him. Held, that a judgment for plaintiff in such suit, which did not determine the interest of such beneficiary, did not preclude him from maintaining a subsequent action against the executor to determine his interest, though based on the same facts and

for similar relief, as the rule that a judgment is conclusive on all issues presented or which might have been presented only applies to adverse parties, and not to codefendants claiming no relief against each other.

**4. JUDGMENT—NUNC PRO TUNC ENTRY—INTEREST—COMPOUND INTEREST.**

Where a cause is tried before a judge who dies before making a decision, and is subsequently tried before another justice, who renders a judgment for principal and interest as of the date of the first trial, it is error to allow interest on the interest so decreed from such date to the date when the judgment is actually rendered.

Appeal from special term, New York county.

Action by William C. Earle against William H. Earle and another, as executors of the estate of William P. Earle, deceased, for an accounting and other relief. From a judgment for the plaintiff, the defendants appeal. Modified.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Hamilton Odell, for appellants.
Carlisle Norwood, for respondent.

LAUGHLIN, J. This action was commenced on the 19th day of December, 1883, against William P. Earle, and on the 19th day of January, 1884, an order was duly granted amending the summons by bringing in Mary E. Earle as a defendant. These defendants were the executor and executrix and trustees under the will of Morris Earle, deceased, the father of the plaintiff. The will was admitted to probate, and letters testamentary issued thereon on the 27th day of May, 1859. There were originally three executors, but the third executor removed from the state, and his letters were revoked, prior to the commencement of this action. The complaint alleges that the defendants neglected their duties as such executors and trustees, and suffered and allowed the trust estate to be mismanaged and dissipated; and the action is brought to require them to account, and to make good the losses thus sustained by the estate. The plaintiff was a beneficiary under the will, and entitled thereunder to certain legacies upon his becoming 21 years of age, and to certain other legacies upon his attaining the age of 30 years. He was also entitled to share equally with his brothers and sisters in the remainder of one-third of the estate of his father of which his mother was given the life use. The said Mary E. Earle was the testator's widow and the plaintiff's mother. She died since the commencement of this action, but before the trial. The accounts of the executors were judicially settled by a decree of the surrogate's court on the 25th day of April, 1861, and they were therein directed to distribute the estate according to the will, and turn over to themselves as trustees such part thereof as was not then distributable. The plaintiff became 21 years of age on the 26th day of September, 1863. The trial court decided that all of the plaintiff's claims under the will and under said decree except his right to share in the one-third of the estate of which his mother had the life use were barred by the statute of limitations, but that his right to share in said last-mentioned part of the estate has been preserved, and an accounting

was accordingly decreed. The plaintiff has not appealed, and it is conceded that his only right now is to participate in the distribution of the one-third of the estate which was left to his mother for life. Since the commencement of the action William P. Earle died, and it has been revived against his executors, who are the sole appellants.

It is contended by the appellants that the action was prematurely brought, inasmuch as the plaintiff's mother was living at the time of its commencement, and all of his claims except the right to participate in the estate after her death were barred by the statute of limitations. It appears that by a final judgment of the superior court of the city of New York in an action brought by the plaintiff's sister against the executors and all parties in interest the executors were removed from office on the 20th day of March, 1882. The removed executor and executrix never accounted as to the plaintiff. The plaintiff not only showed a devastavit of other funds, but also of that part of the estate of which his mother had a life use, and in which he was entitled to share at her death. He was entitled to maintain this action to have his rights established, even though at the time of the commencement of the action he was not entitled to possession of the corpus of the estate; and being entitled to some relief when the action was begun, it being a suit in equity, he was entitled to such relief as the facts warranted at the time of trial.

The judgment of March 20, 1882, removing the executors, and requiring them to account, is pleaded as a bar to this action. This action was brought upon the same facts and for similar relief. The plaintiff was made a defendant and served with a summons in that action, but he failed to appear. The complaint briefly and correctly alleged his interest. A demand was made in the prayer for relief that the executors account generally to all parties in interest. The answer of the executors put in issue the material allegations of the complaint, and set up facts calculated to exonerate them from liability, but the only relief they demanded was a dismissal of the complaint. It does not appear that their answer was served on any of the defendants. The other children of the testator interposed answers praying for the same relief as that demanded in the complaint. The court decided in that action that there had been a devastavit of the trust funds; that the executor and executrix were liable; that they should be removed; that the United States Trust Company be appointed trustee in their place, and trustees pay to the parties in interest who had appeared in the action the amount to which they were then entitled, and turn over the balance to said trust company, but no disposition was made of the interest of this plaintiff. On appeal the judgment was modified so as to permit the trustees to give security for that part of the estate of which the widow had the life use, instead of requiring them to make it good at that time. The plaintiff and defendant were not adverse parties in the former action. The rule that a judgment determines all the issues presented and which might have been presented applies only to adverse parties. It should not be extended to codefendants claiming no relief against each other. If the trustees had desired to have the plaintiff's rights disposed of in the former action, they

should have drawn the court's attention to the matter, in order that proper provisions might have been incorporated in the decision and judgment. The Code of Civil Procedure provides that, where it is sought to have the judgment determine the ultimate rights between defendants, the defendants who require it must demand such relief in their answer, and serve the same on their codefendants. Code Civ. Proc. § 521. Section 1204 of the Code of Civil Procedure provides for determining the rights of the defendants as between themselves, but this section is to be construed with section 521, which provides for the service of answers upon codefendants. Section 1207 of the Code of Civil Procedure provides that, where the defendant has not answered, the plaintiff shall not recover a more favorable judgment than that demanded in the complaint. By analogy, at least, this would prohibit a more favorable judgment to a codefendant than that demanded by him; and, as has been seen, the only demand for a relief by the trustees was for a dismissal of the complaint. If the trustees had obtained the relief which they demanded, viz., dismissal of the complaint, that would not bar this action unless the judgment expressly provided that the dismissal was upon the merits. Id. § 1209.

The issues were tried before the late Justice Smythe, who died before making a decision. The case was then brought to trial at special term, and the testimony taken before Justice Smythe was stipulated. The trial court then found the amount due to the plaintiff, including principal and interest, as of May 16, 1900, that being the date of the trial before Justice Smythe. Interest was then computed upon this amount down to the date of the decision. The interest found due by the decision on May 16, 1900, was $3,687.22. Compounding interest on this interest from May 16, 1900, to December 5, 1901, was erroneous, and the judgment should be modified by reducing it by the interest on that sum for the period specified. As thus modified, the judgment should be affirmed, without costs. All concur.